UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RAEGAN C. WARREN,

    Plaintiff,

v.

J.P. MORGAN CHASE BANK, N.A.,

    Defendants.

Case No. 6:19-cv-02027

**COMPLAINT AND DEMAND FOR JURY TRIAL**

NOW comes RAEGAN C. WARREN ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of J.P. MORGAN CHASE BANK, N.A. ("Defendant"), as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.*, and violations of the Florida Consumer Collection Practices Act ("FCCPA") pursuant to Florida Statutes §559.55, for Defendant's unlawful conduct.

**JURISDICTION AND VENUE**

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Middle District of Florida and a substantial portion of the events or omissions giving rise to the claims occurred within the Middle District of Florida.

## PARTIES

4. Plaintiff is a natural person over 18 years-of-age residing in Volusia County, Florida, which is located within the Middle District of Florida.

5. Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

6. Defendant is a national association formed under the laws of the State of Delaware, and has its principal place of business located at 270 Park Avenue, New York, New York. Defendant provides various banking and other financial services to consumers nationwide.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9. The instant action arises out of Defendant's attempts to collect upon a defaulted consumer debt ("subject debt") purportedly owed by an individual unknown to Plaintiff.

10. Around the summer of 2019, Plaintiff began receiving calls to her cellular phone, (678) XXX-5427, from Defendant.

11. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -5427. Plaintiff was financially responsible for the cellular phone and its services.

12. Defendant has used several phone numbers when placing collection calls to Plaintiff's cellular phone, including but not limited to: (813) 372-1900 and (813) 584-4804.

13. Upon information and belief, the above-referenced phone numbers are regularly utilized by Defendant during its debt collection activity.

14. During answered calls, Plaintiff has been subjected to a "click" and noticeable pause, causing Plaintiff to say "hello" several times, before being connected to a live representative.

15. Upon speaking with Defendant, Plaintiff is informed that Defendant is seeking to speak with an individual whom is unknown to Plaintiff.

16. Accordingly, Plaintiff informed Defendant that it was calling the wrong party and demanded that Defendant cease contacting her.

17. Despite Plaintiff's demands and the information provided to Defendant, Plaintiff has still received systematic phone calls from Defendant.

18. Despite Defendant lacking permission to call Plaintiff's cellular phone, as well as being told on multiple occasions that it was contacting the wrong party and to stop calling, Defendant still placed not less than 25 phone calls to Plaintiff's cellular phone.

19. Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding her rights, resulting in expenses.

20. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

21. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls intended for another individual, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of her telephone services, loss of

cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

22. Plaintiff repeats and realleges paragraphs 1 through 21 as though fully set forth herein.

23. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") or pre-recorded messages without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

24. Defendant used an ATDS in connection with its communications directed towards Plaintiff's cellular phone. The "click" and noticeable pause that Plaintiff experienced upon answering Defendant's calls, as well as the fact that Plaintiff had to repeatedly say "hello" before she was connected with a live representative, is instructive that an ATDS was being utilized to generate the phone calls. Additionally, Defendant's continued contacts after Plaintiff demanded that the phone calls stop further demonstrates Defendant's use of an ATDS. Moreover, the nature and frequency of Defendant's contacts establishes the involvement of an ATDS.

25. Defendant violated the TCPA by placing at least 25 phone calls to Plaintiff's cellular phone using an ATDS without her consent. Any consent that Plaintiff *may* have given to Defendant was specifically revoked by Plaintiff's demands that it cease contacting her.

26. The calls placed by Defendant to Plaintiff were regarding collection activity and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

27. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA

should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, RAEGAN C. WARREN, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

28. Plaintiff restates and realleges paragraphs 1 through 21 as though fully set forth herein.

29. At all times relevant to this Complaint, Plaintiff, was and is a natural person, and is a "consumer" as that term is defined by Florida Statutes §559.55(8).

30. At all times relevant to this action Defendant is subject to and must abide by the laws of the State of Florida, including Florida Statute § 559.72.

31. At all times relevant to this Complaint, Defendant was and is a "person" as said term is defined under Florida Statute §1.01(3) and is subject to the provisions of Fla.Stat. §559.27 because said section applies to "any person" who collects or attempts to collect a consumer debt as defined in Fla. Stat. §559.72 because said provision applies to "any person" who collects or attempts to collect a consumer debt as defined in Fla.Stat. §559.51(1).

32. At all times material hereto, the subject debt is a "consumer debt" as said term is defined under Florida Statute § 559.55(6).

33. Defendant violated sections 559.72(7) and 559.72(9) of the FCCPA through its unlawful conduct.

### a. Violations of FCCPA § 559.72(7)

34. A person violates section 559.72(7) of the FCCPA when it willfully communicates with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

35. Defendant violated section 559.72(7) of the FCCPA when it placed repeated harassing telephone calls to Plaintiff after she demanded that it stop calling and after Plaintiff informed Defendant that the party it was seeking is unknown to Plaintiff. Instead of abiding by Plaintiff's wishes, Defendant placed no less than 25 calls to Plaintiff's cellular phone after she demanded that it cease calling her.

WHEREFORE, Plaintiff, RAEGAN C. WARREN, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Enter judgment in Plaintiff's favor and against Defendant;

b. Award Plaintiff her actual damages in an amount to be determined at trial pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77

c. Award Plaintiff statutory damages of $1,000.00 pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

d. Award Plaintiff and equitable relief, including enjoining Defendant from further violations, pursuant to Florida Consumer Collection Practices Act, Fla. Stat. §559.77(2);

e. Award Plaintiff costs and reasonable attorneys' fees pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

    f.  Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

    g.  Award any other relief this Honorable Court deems equitable and just.

**Plaintiff demands trial by jury.**

Dated: October 22, 2019                                 Respectfully Submitted,

                                                                        <u>/s/ Alexander J. Taylor</u>
                                                                        Alexander J. Taylor, Esq.
                                                                        Florida Bar No. 1013947
                                                                        Sulaiman Law Group, Ltd.
                                                                        2500 S. Highland Ave, Suite 200
                                                                        Lombard, IL 60148
                                                                        Telephone: (630) 575-8181
                                                                        Facsimile: (630) 575-8188
                                                                        ataylor@sulaimanlaw.com
                                                                        *Counsel for Plaintiff*