## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

RAEGAN C. WARREN,

      Plaintiff,

vs.                            Case No:  6:19-cv-02027-RBD-LRH

J.P. MORGAN CHASE BANK, N.A.,

      Defendants.

_____/

## DEFENDANT'S MOTION TO DISMISS COMPLAINT

Defendant JPMorgan Chase Bank, N.A. ("Chase") pursuant to Fed. R. Civ. P. 12(b)(6) moves to dismiss Count II of the Complaint filed by Plaintiff Raegan C. Warren ("Plaintiff"), and states as follows:

### I.      INTRODUCTION

At its core, this is a "wrong party" TCPA case in which Plaintiff alleges Chase called the wrong cell phone number.  Specifically, Plaintiff filed a two-Count Complaint claiming Chase violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b)(1)(A)(iii), by using an automatic telephone dialing system, a predictive telephone dialing system, and/or an artificial or pre-recorded voice to call a telephone number assigned to a cellular telephone service without Plaintiff's prior express consent.  Compl., ¶ 23; Count I.  In Count II of the Complaint, Plaintiff alleges that Chase violated (a) Section 559.72(7), Florida Statutes (i.e., the anti-harassment/abusive conduct provision of the Florida Consumer Collections Practices Act's ("FCCPA")), and (b) the portion of Section 559.72(9), Florida Statutes that prohibits enforcement of a debt that a person knows is not legitimate, or the assertion of the existence of some other legal

right when such person knows that the right does not exist.  Compl., ¶ 33; Count II.

As more fully set forth below, Count II of the Complaint should be dismissed, as the allegations fail to state a cognizable claim for relief (and are otherwise without merit).  Plaintiff's FCCPA claim under Sections 559.72(7) and (9), Florida Statutes, fails because: (a) the claim lacks any ultimate facts supporting the conclusion that the calls were made *in furtherance of the collection of a debt*; (b) Plaintiff has failed to allege sufficient facts to support a harassment claim; and (c) there are no factual allegations to support the conclusion that Chase knowingly attempted to enforce an illegitimate debt or a legal right that Chase knew did not exist.

## II.    LEGAL STANDARD

To state a claim for relief, Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  While a court at this stage of the litigation must consider the allegations contained in a plaintiff's complaint as true, this rule "*is inapplicable to legal conclusions*." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added).   In addition, the pleading must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Id*. (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).   Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id*. (citing *Twombly*, 550 U.S. at 555).

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Id*.  (quoting *Twombly*, 550 U.S. at 570).  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *Id*.  The plausibility standard requires more than a mere possibility that a defendant has acted unlawfully.  *Id*.  Where a complaint pleads facts that are merely consistent with a defendant's

2

liability, it stops short of the line between possibility and plausibility of entitlement to relief.  *Id*.

Determining whether a complaint states a plausible claim for relief is a context-specific

undertaking that requires the court to draw on its judicial experience and common sense.  *Id*. at

679.

### III.   ARGUMENT & MEMORANDUM OF LAW

**A.   PLAINTIFF'S FCCPA CLAIM FAILS BECAUSE IT LACKS ANY FACTUAL ALLEGATIONS SUPPORTING THE REQUISITE ELEMENT THAT THE CALLS WERE MADE *IN FURTHERANCE OF A DEBT COLLECTION*.**

Plaintiff alleges Chase violated Section 559.72(7) and (9), Florida Statutes.  Compl. ¶ 33.

The relevant portion of the FCCPA statute begins with, ***"In collecting consumer debts,*** no person

shall…"  Fla. Stat. § 559.72 (emphasis added).  Nowhere in the Complaint does Plaintiff provide

a factual basis to support the claim that Chase was in fact communicating with Plaintiff in

collecting on a debt.  This failure proves fatal to Plaintiff's FCCPA claim as collection of a debt is

a necessary element that must be satisfied to support an FCCPA claim.  *Elmore v. Ne. Florida*

*Credit Bureau, Inc*., 3:10-CV-573-J-37JBT, 2011 WL 4480419, at *2 (M.D. Fla. Sept. 27, 2011)

("In order to prevail on an [FCCPA] claim, a plaintiff must plead and prove three elements. First,

the plaintiff must have been the object of a collection activity arising from consumer debt.").

Accordingly, Plaintiff's FCCPA claim fails as it lacks ultimate facts supporting the

requisite legal elements of the claim.  The allegations in Plaintiff's Complaint amount to nothing

more than bald assertions, and "[b]ald assertions will not overcome a Rule 12(b)(6) motion."

*Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005).  To state a

FCCPA claim, a plaintiff must plausibly allege – not merely assert – facts suggesting that the

defendant engaged in debt collection activity.  Plaintiff alleges no factual predicate concrete

enough to warrant further proceedings.  Instead, Plaintiff merely asserts that Chase committed

FCCPA violations but she provides no factual or contextual support for this claim. Plaintiff's claim is a mere recitation of the FCCPA statute. Without more, Count II of the Complaint fails as a matter of law. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012) ("Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible"); *Fleming v. Diversified Consultants, Inc.*, No. 8:14–CV–2196–T–30, 2014 WL 6747150, at *1 (M.D. Fla. Nov. 26, 2014) (Factual allegations must be sufficiently plead to withstand dismissal); *Hunter v. Diversified Consultants, Inc.*, No. 8:14–CV–2198–T–30, 2014 WL 6747153, at *1 (M.D. Fla. Nov. 26, 2014) (Factual allegations must be sufficiently plead to withstand dismissal); *see also Bohringer v. Bayview Loan Servicing, LLC,* 141 F. Supp. 3d 1229, 1246 (S.D. Fla. 2015) (dismissal of FDCPA claim with prejudice where plaintiff failed to file any exhibits evidencing communications in furtherance of collection of a debt); *Dyer v. Select Portfolio Servicing, Inc.*, 108 F. Supp. 3d 1278, 1283 (M.D. Fla. 2015) (dismissal of FDCPA claim with prejudice where letters attached to complaint failed to evidence the collection of a debt); *Alhassid v. Nationstar Mortg. LLC*, 1:16-CV-21211-KMM, 2016 WL 4269867, at *2 (S.D. Fla. Aug. 10, 2016), *aff'd*, 688 F. App'x. 803 (11th Cir. 2017) (dismissal of FDCPA and FCCPA claims with prejudice where letters referenced were not sent in furtherance of collection of a debt). [1]

### B.   THE ALLEGATIONS IN PLAINTIFF'S COMPLAINT DO NOT QUALIFY AS HARASSING OR ABUSIVE CONDUCT UNDER THE

---

[1] It is appropriate to cite federal court and federal regulator's interpretation of analogous language in the Fair Debt Collection Practices Act ("FDCPA") to construe the FCCPA. Florida's legislature has expressly directed anyone interpreting the FCCPA to do so, stating in the FCCPA, that: "In applying and construing this section, due consideration and great weight shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to the federal Fair Debt Collection Practices Act." § 559.77(5), Fla. Stat. Indeed, the FDCPA and the FCCPA are "largely identical and the FCCPA is construed in accordance with the FDCPA." *Lear v. Select Portfolio Servicing, Inc*., No. 17-62206-CIV, 2018 WL 1960108, at *1 (S.D. Fla. Apr. 25, 2018) (quoting *Lilly v. Bayview Loan Servicing, LLC*, No: 2:17-cv-00345, 2017 WL 4410040 at *2 (M.D. Fla. 2017) (other citations omitted)). Accordingly, in interpreting cases related to the FDCPA, conclusions drawn from those cases will also inform the Court as to Plaintiff's alleged FCCPA violations. *See Kelliher v. Target Nat. Bank*, 826 F. Supp. 2d 1324, 1327 (M.D. Fla. 2011) (quoting Fla. Stat. § 559.77(5) ("The FCCPA provides that '[i]n applying and construing this section, due consideration and great weight shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to the federal Fair Debt Collection Practices Act.'")).

**FCCPA.**

The FCCPA prohibits a creditor from willfully communicating with a debtor "with such frequency as can be reasonably expected to [abuse or] harass the debtor." § 559.72(7), Fla. Stat. Plaintiff argues that Chase has violated this provision of the FCCPA by allegedly having received no less than twenty-five calls from Chase. Compl. ¶¶ 18 and 25.

In interpreting the analogous FDCPA statute, the court in *Valle v. Nat'l Recovery Agency*, No. 8:10-CV-2775-T-23MAP, 2012 WL 1831156, at *1 (M.D. Fla. May 18, 2012), listed the factors commonly considered by courts in determining whether a communication constitutes harassment or abuse, including, *inter alia*: (1) the volume and frequency of communication; (2) duration of communication; (3) medium of communication; (4) the time of day the communication occurred; (5) the use of abusive language or lies; and (6) any contact with family or friends.

It is clear Plaintiff's Complaint fails to state a claim for violations of Section 559.72(7). Plaintiff's allegation that Plaintiff received "not less than" twenty-five (25) calls from Chase since "the summer of 2019" does not provide sufficient information to make out a claim that is plausible on its face.  There is no discussion of: time of day, duration, language used, whether any of Plaintiff's family was contacted, and "not less than 25 times" is not a sufficient description of the quantity of communications.

This precise issue was addressed in *Gonzalez v. Ocwen Loan Servicing, LLC*, 5:18-CV-340-OC-30PRL, 2018 WL 4217065 (M.D. Fla. Sept. 5, 2018).  In *Gonzalez*, the Court determined the Plaintiff failed to allege sufficient facts to show a violation of the FCCPA because "courts generally have held that one or two phone calls per day are not sufficient to violate the FDCPA or its state analogues, absent evidence of other egregious conduct associated with the calls."  *Id*. at *8, quoting *Wolhuter v. Carrington Mortg. Servs., LLC*, No. 8:15-CV-552-MSS-TBM, 2015 WL 12819153, at *3 (M.D. Fla. Oct. 28, 2015).  In *Gonzalez*, the Plaintiff alleged **_500_** calls over four

5

years that averaged out to a call about every two days, but the Court found that amount of calls did not satisfy the FCCPA's frequency threshold, even if some days had multiple calls.  *Id*.  Here, the Plaintiff alleges that no less than 25 calls were made from five months of alleged conduct.  Clearly, that frequency of calls, if true, would not pass FCCPA muster.  Additionally, Plaintiff has not alleged any "other egregious conduct associated with the calls."  As such, Plaintiff's FCCPA anti-harassment claim fails and should be dismissed with prejudice.[2]

Further, even if Chase was calling in regard to a supposed debt, Plaintiff does not allege that *Plaintiff* was the debtor that Chase intended to contact.  Rather, Plaintiff alleges the opposite.  Plaintiff claims that "[u]pon speaking with Defendant, Plaintiff is informed that Defendant is seeking to speak with an individual whom is unknown to Plaintiff…Accordingly, Plaintiff informed Defendant that it was calling the wrong party and demanded that Defendant cease contacting her."  Compl., ¶ ¶ 15-16.  Thus, Plaintiff's Complaint should be dismissed because Plaintiff was not the object of any alleged debt collection.  "Indeed, if the content of the calls did not indicate that Plaintiff himself was obligated to pay a debt, then Plaintiff would presumably lack standing to bring such a claim."  *Mierzwicki v. Citigroup, Inc*., 14CIV61753BLOOMVALLE, 2015 WL 10963619, at *4 (S.D. Fla. Sept. 1, 2015) citing *Smith v. Markone Fin., LLC*, No. 3:13-CV-933-J-32MCR, 2015 WL 419005, at *4-5 (M.D. Fla. Feb. 2, 2015) (determining that plaintiff lacked standing to bring FCCPA claim where the parties agreed that the plaintiff was not obligated to pay the debt).

C.     **THERE ARE NO FACTUAL ALLEGATIONS TO SUPPORT A CLAIM THAT CHASE KNOWINGLY ATTEMPTED TO ENFORCE AN ILLEGITIMATE DEBT OR LEGAL RIGHT THAT IT KNEW DID NOT EXIST.**

---

[2] Even if permitted to amend, Plaintiff cannot truthfully allege that Chase called enough times under applicable legal precedent.  In the event Plaintiff does make such allegations knowing they are false, Chase will consider moving for sanctions under procedure prescribed by applicable statute, rules of procedure, and local rules.

The FCCPA prohibits a debt collector from attempting to enforce a debt or when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.  § 559.72(9), Fla. Stat.  Plaintiff argues that Chase has violated this provision of the FCCPA in Paragraph 33 of the Complaint but provides no factual support for this claim.  Indeed, Paragraph 33 is the only mention of Chase's alleged violation of Section 559.72(9).  As set forth above, there are no ultimate facts alleged that remotely indicate Chase was even attempting to enforce a debt or some other legal right.  Accordingly, Count II of the Complaint should be dismissed.

**WHEREFORE** Chase respectfully requests that this Court enter an order dismissing Count II of the Complaint, awarding Chase its reasonable attorney's fees and costs in defending this action, and granting such other and further relief this Court deems just and appropriate.

Respectfully Submitted,

**GREENBERG TRAURIG, P.A.**
450 South Orange Avenue, Suite 650
Orlando, Florida 32801
Telephone:  (407) 420-1000
Facsimile:  (407) 420-5909

By: */s/ Courtney M. Keller*
    Courtney M. Keller, Esquire
    Florida Bar No. 028668
    Colin S. Baker, Esquire
    Florida Bar No. 0066352
    Email:  kellerc@gtlaw.com
        bakerco@gtlaw.com
        nef-iws@gtlaw.com
        FLService@gtlaw.com
*Counsel for Defendant JPMorgan*
*Chase Bank, N.A.*

and

**GREENBERG TRAURIG, P.A.**
Tyrone A. Adras, Esquire
Florida Bar No. 107294

7

777 S. Flagler Drive, Suite 300 East
West Palm Beach, Florida 33401
Telephone:  (561) 650-7900
Facsimile:  (561) 655-6222
Email:  adrast@gtlaw.com
              chalkleyt@gtlaw.com
              FLService@gtlaw.com
*Co-counsel for Defendant JPMorgan
Chase Bank, N.A.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this Wednesday, December 4, 2019, I electronically filed

the foregoing **Chase's Motion to Dismiss Complaint** with the Clerk of the Court by using the

CM/ECF system which will send a notice of electronic filing to the following:

Alexander J. Taylor, Esquire
Sulaiman Law Group, Ltd.
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Email: ataylor@sulaimanlaw.com
*Counsel for Plaintiff*

/s/ Courtney M. Keller
Courtney M. Keller

8